**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **ROBERT LOUIS WINSLOW,** | ) | **CASE NO. 7:20-cv-00111** |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **MELVIN DAVIS, Warden,** | ) | **By: Norman K. Moon** |
| **Green Rock Correctional Center,** | ) | **Senior United States District Judge** |
| Respondent. | ) | |

Robert Louis Winslow, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a 2010 judgment by the Circuit Court of the City of Danville. Winslow's petition is successive and he has not received authorization to file it, as required by 28 U.S.C. § 2244(b)(2)–(3). Therefore, it will be dismissed without prejudice.

## I.  BACKGROUND

Winslow was convicted, after a jury trial in Danville City Circuit Court, of second-degree murder, malicious wounding, shooting within an occupied building, felon firearm possession, and two corresponding counts of using a firearm in commission of second-degree murder and malicious wounding. He was sentenced to 34 years in prison, with two years suspended. He appealed, but the Court of Appeals of Virginia denied his petition. On March 14, 2011, the Supreme Court of Virginia refused review. On February 23, 2012, Winslow filed a writ of habeas corpus in his court of conviction. The respondent's motion to dismiss that case was granted, and Winslow appealed. The Supreme Court of Virginia dismissed the petition on January 3, 2013, as procedurally barred. (Resp't's Br. Supp. Mot. to Dismiss 1–2, Dkt. No. 8 (setting forth procedural history).)

Subsequent to that dismissal, petitioner filed a first federal habeas on August 21, 2012. *Winslow v. Director*, No. 7:12cv00407 (W.D. Va.). He was later granted leave to amend to

include additional claims, and the petition was dismissed on August 8, 2013.[1] (Dkt. No. 8-1; *see generally Winslow v. Director*, No. 7:12cv00407 (W.D. Va.).) This court denied him a certificate of appealability and his appeal was dismissed by the United States Court of Appeals for the Fourth Circuit on December 24, 2013. (Dkt. No. 8-2.) Thereafter, his petition for a writ of certiorari was denied. (Dkt. No. 8-3).

On February 14, 2020, the Clerk received from Winslow the instant habeas petition. The claims he raises in it are not claims he raised in his prior petition before this court. Instead, he raises a claim based on *Brady v. Maryland*, 373 U.S. 83 (1963), an ineffective assistance of counsel claim related to the *Brady* claim, and a claim of actual innocence. Specifically, he claims that post-trial statements by witness Long have called into question Long's trial testimony implicating Winslow in the shooting, and that gunshot residue testing that was done at the time was exculpatory evidence that the state failed to disclose prior to trial. Respondent has filed a motion to dismiss, arguing that the motion should be dismissed both because it is a second or successive § 2254 petition that Winslow has not received authorization from the Fourth Circuit to file and because he has not exhausted the claims he raises in his petition.

Because the first of these grounds requires the dismissal of Winslow's petition, I will grant respondent's motion to dismiss on that basis and will dismiss the petition without prejudice.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "sets stringent limits on second or successive habeas applications." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). Before turning to those restrictions, though, it must be noted that AEDPA's "phrase

---

[1] The original claims were dismissed on their merits; the additional claims were dismissed as untimely. (Dkt. No. 8-1.)

'second or successive application' . . . is a 'term of art,' which 'is not self-defining.'" *Id.* at 1705 (citations omitted). Thus, not every habeas filing that is chronologically second or successive in time is a "second or successive" petition within the meaning of AEDPA. *Id.*

A petition is not considered successive, for example, if: (1) the first petition was dismissed without prejudice on technical grounds, such as failure to exhaust state remedies, (2) a claim was not ripe at the time of the first petition, such as when a judgment intervenes between the two habeas petitions and the new application challenges the new judgment, (3) when a petitioner seeks to file a mental incompetency claim pursuant to *Ford v. Wainwright*, 477 U.S. 399 (1986), or (4) when a prisoner used his first petition (or first § 2255 motion) to regain a right to appeal. *See, e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000) (discussing situation where the initial habeas petition was "unadjudicated on its merits and dismissed for failure to exhaust state remedies"); *In re Gray*, 850 F.3d 139, 142 (4th Cir. 2017) (discussing new petition challenging intervening judgment); *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007) (discussing *Ford* motions for incompetence); *In re Goddard*, 170 F.3d 435, 438 (4th Cir. 1999) (discussing petitioner seeking to regain a right to appeal under § 2255); *Evans v. Smith*, 220 F.3d 306, 323–25 (4th Cir. 2000) (reviewing exceptions). None of those exceptions are applicable here, however, and Winslow does not argue to the contrary.

Significantly, moreover, the Fourth Circuit has expressly held that *Brady* claims in a successive petition require certification from the court of appeals. *Evans*, 220 F.3d at 324 ("To exempt [the petitioner's] *Brady* claim from the requirements of § 2244(b) would thwart the statutory scheme and render Congress' limitations on second or successive petitions a nullity in a wide range of cases."). In part, this is based on the recognition that *Brady* claims "ripen at the time the constitutional violation occurs, even if the petitioner is unaware of the violation at that time" and does not discover it until later. *United States v. Hayes*, 352 F. Supp. 3d 629, 636

(W.D. Va. 2019) (citing *In re Wogenstahl*, 902 F.3d 621, 627–28 (6th Cir. 2018)).  Accordingly, *Brady* claims do not fall within the exception for claims that are not yet ripe at the time of the first petition.  *Hayes*, 352 F. Supp. 3d at 637.  Indeed, judges of this court have applied the rule of *Evans* to bar *Brady* claims advanced in a successive petition, absent pre-filing authorization.  *E.g.*, *Tully v. Clarke*, No. 7:16CV00296, 2017 WL 1906956, at *3 (W.D. Va. May 8, 2017) (dismissing habeas petition raising *Brady* claim where petitioner had not received authorization from the Fourth Circuit to file it); *see also Hayes*, 352 F. Supp. at 636 (same as to *Brady* claim in successive § 2255 motion).

As noted, Winslow previously filed a § 2254 petition, and I dismissed that petition with prejudice and denied a certificate of appealability.  Because Winslow's current petition does not satisfy any of the exceptions to the successive petition bar, it is subject to the restrictions on second or successive petitions set forth in 28 U.S.C. § 2244(b).

There are two overarching restrictions.  First, a district court generally must dismiss with prejudice any second or successive claims adjudicated on the merits in a prior petition.  28 U.S.C. § 2244(b)(1); *Gonzalez v. Crosby*, 545 U.S. 524, 529–30 (2005).  The claims here were not asserted or adjudicated in Winslow's first habeas petition, so this restriction has no application here.

Second, a district court can consider previously unadjudicated or "new" claims in a second or successive petition only if the applicant first receives authorization from the appropriate court of appeals.  "In the absence of pre-filing authorization [from the Fourth Circuit], the district court lacks jurisdiction to consider a [successive] application."  *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015); *Richardson v. Thomas*, 930 F.3d 587, 594–95 (4th Cir. 2019) (noting same and explaining that "jurisdiction to consider the question of

4

whether the prisoner has made a prima facie showing that he satisfies the requirements of § 2244(b)(2) rests exclusively with the federal courts of appeal[s].").

To obtain such authorization, the applicant must show that (1) the claim relies on a new, previously unavailable, rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven, would sufficiently establish by clear and convincing evidence that no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)–(3).

Winslow's arguments appear to be relying on the second of these showings, but he has not sought or received authorization from the Fourth Circuit to file his petition, as he must. And without Winslow first obtaining pre-filing authorization from the Fourth Circuit, I lack jurisdiction to consider Winslow's successive petition. *See Richardson*, 930 F.3d at 594–95.

In his response to the motion to dismiss, Winslow does not directly address the argument that this court lacks jurisdiction to consider his petition. (*See generally* Dkt. No. 10.) Instead, he sets forth his efforts to pursue his *Brady* and actual innocence claims, detailing his filing of motions and petitions in Virginia state courts, and he emphasizes that he has been diligent in seeking relief. He also states that he is relying on "actual innocence" and *McQuiggin v. Perkins*, 569 U.S. 383 (2013), to overcome "any time bar or procedural bar." (Resp. 3, Dkt. No. 10.)

Neither Winslow's diligence nor his contention that he is "actually innocent" give this court authority to consider his petition, however. As noted above, his *Brady* claim is subject to the second or successive application requirements. *Evans*, 220 F.3d at 324. Likewise, a claim that he is actually innocent nonetheless requires authorization from the Fourth Circuit before this court may consider it. *See Richardson*, 930 F.3d at 594 (holding that a court of appeals must engage in the actual innocence inquiry under § 2244(b)(2)); *Perry v. Clarke*, No. 3:14CV523,

5

2015 WL 11112523, at *2 (E.D. Va. Mar. 31, 2015) (rejecting petitioner's argument that the district court could examine his successive § 2254 petition on the basis of actual innocence because that determination must be made "in the first instance" by a circuit court of appeals) (citation omitted).

In short, Winslow's diligence and claims of actual innocence are arguments that he might make in the Fourth Circuit in seeking authorization to file a second or successive petition. But they are not arguments that this court can consider before he has received such authorization.

### III.   CONCLUSION

For the reasons stated, I will grant respondent's motion to dismiss (Dkt. No. 6). An appropriate order will enter this day.

Further, concluding that petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability will be denied.

An appropriate order will be entered.

**ENTER:** This  29th   day of June, 2020.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE